**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

Charles Henry,

Plaintiff

v.

Pinnacle Health Facilities XVI, L.P. d/b/a Mission San Miguel Nursing and Rehabilitation Center

Defendant

_____

**COMPLAINT**
_____

Plaintiff, through counsel, alleges the following for his complaint:

**JURISDICTION AND VENUE**

1.  Plaintiff Charles Henry is a citizen of the State of Colorado.

2.  Defendant Pinnacle Health Facilities XVI, L.P. d/b/a Mission San Miguel Nursing and Rehabilitation Center (Defendant "MSM") is a Texas Limited Partnership, and its principal place of business is in Texas. Defendant MSM's principal office street address is 5420 W. Plano Parkway, Plano, TX 75093.

3.  The negligent acts alleged in this Complaint took place in Colorado.

4.  Taking into account the nature, extent, and permanency of the injuries sustained, and the reasonable actual, general, economic and non-economic damages sustained, the value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of interest and costs.

5. This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1).

## ALLEGATIONS OF FACT

6. Plaintiff incorporates paragraphs 1 through 5 as if fully set forth herein.

7. In 2013, Plaintiff was a resident at MSM's facility in Commerce City, Colorado. MSM holds itself out as a center which provides twenty-four-hour nursing and rehabilitation care in a welcoming and nurturing environment.

8. On October 31, 2013, Plaintiff was being transported by MSM, in a MSM van, to Westhaven Apartment Homes in Lakewood, Colorado, where he had planned to reside.

9. As Plaintiff was being moved from the van to the apartment, MSM employees, agents, officers, and/or servants caused Plaintiff to fall, striking his head, leg, hip and back on the ground.

10. MSM employees, agents, officers, and/or servants decided to transport Plaintiff in an unsafe manner, caused him to fall, and caused significant past and future damages.

11. As a result of Defendant causing Plaintiff to fall, Plaintiff sustained significant physical injuries, including head, hip, leg and neck trauma, and emotional injuries.

## CLAIM FOR RELIEF
(Negligence)

12. Plaintiff incorporates paragraphs 1 through 11 as if fully set forth herein.

13.     Defendant owed Plaintiff duties which include, but are not limited to, moving Plaintiff in a safe and reasonable fashion; the duty to reasonably supervise Plaintiff during the move; reasonably protect Plaintiff from injury during the move; prevent Plaintiff from falling during the move; ensure that its employees, agents, officers and/or servants follow its policies and procedures regarding moving patients; and use reasonable care in the operation of a nursing/rehabilitation facility.

14.     Upon information and belief, Defendant was negligent in causing and allowing Plaintiff to fall as he was being moved into the apartment. Defendant was negligent by including, but not limited to, the following:

   a.   Transporting Plaintiff in an unsafe manner;

   b.   Pushing Plaintiff on a walker in a fashion that was dangerous and unreasonable;

   c.   Failing to reasonably supervise Plaintiff during the move;

   d.   Failing to reasonably protect Plaintiff from injury during the move;

   e.   Failing to prevent Plaintiff from falling during the move;

   f.   Failing to ensure that its employees, agents, officers and/or servants followed its policies and procedures regarding moving patients; and

   g.   Failing to use reasonable care in the operation of a nursing/rehabilitation facility.

15.     As a direct, foreseeable, and proximate result of Defendant's negligence, Plaintiff sustained past and future economic damages, past and future non-economic damages, past and future permanent impairment and disfigurement damages, spine injuries, pain and suffering, emotional distress, and inconvenience. Plaintiff will seek all

available costs under applicable law and all available pre-judgment interest, post-judgment interest, and pre-filing interest.

## RULE 11 CERTIFICATION

16. Plaintiff first contacted and provided information to undersigned counsel on October 26, 2015. Based upon the information provided to counsel, there is an argument that the statute of limitations expires on October 31, 2015. Given the limited amount of time undersigned counsel had to investigate the claims and the corresponding emergency nature of this Complaint due to an arguable impending statute of limitations deadline, undersigned counsel has done their best to investigate the claims and assure compliance with Rule 11. Undersigned counsel will continue to investigate the claims and to the extent that a change is necessary, undersigned counsel will file an appropriate amendment or other pleading with the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests compensatory damages in an amount to be determined at trial, pre- and post-judgment interest, pre-filing interest, all litigation costs available under applicable law, and such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted this 29th day of October, 2015.

By: *s/ Sean B. Leventhal*
Sean B. Leventhal
LEVENTHAL SAR LLC
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210

Phone Number:   (303) 351-5072
Fax Number:      (303) 927-0809
Email:                 sleventhal@leventhalsarlaw.com


*s/ Daniel A. Lipman*
Lorraine E. Parker
Daniel A. Lipman
PARKER LIPMAN LLP
2300 15th Street, Suite 200
Denver, CO 80202
Phone Number:   (720) 638-9424
Fax Number:      (303) 964-1900
Email:                 lorraine@parkerlipman.com
                            dan@parkerlipman.com